IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-60,584-03






EX PARTE JOHN CLIFTON, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 241-1087-01 FROM THE 241ST JUDICIAL DISTRICT
COURT OF SMITH COUNTY





 Per curiam.



ORDER


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07 of the Texas Code
of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). 
Applicant pleaded guilty to sexual assault of a child and originally received 7 years of
deferred adjudication community supervision. His community supervision was later revoked
and his guilt adjudicated, and he was sentenced to ten years' confinement. Applicant
attempted to appeal his conviction, but the appeal was dismissed for want of jurisdiction
because Applicant had expressly waived his right to appeal. Clifton v. State, No. 12-03-00313-CR (Tex. App. - Tyler, September 24, 2003, pet. ref'd).

 Applicant's first application for writ of habeas corpus was denied without written
order by this Court on December 1, 2004. This Court dismissed his second application as
a subsequent application under Article 11.07, Section 4 of the Texas Code of Criminal
Procedure on January 4, 2006.

 In the instant application, Applicant contends that his community supervision was
improperly revoked, that he is being improperly classified as a "3g" offender by TDCJ, that
his prior writs were improperly denied and dismissed, and that he was denied the opportunity
to appeal the revocation of his community supervision. 

 Applicant has provided no legal basis for his claim that this Court improperly denied
and dismissed his prior applications. This Court has reviewed Applicant's first ground for
relief and has determined that it is barred from review under Article 11.07, Section 4 of the
Texas Code of Criminal Procedure. Therefore, that claim is dismissed. Applicant's
remaining claims concerning his classification as a "3g" offender and the alleged denial of
his right to appeal the revocation of his deferred adjudication community supervision are
without merit; therefore, they are denied. 

DO NOT PUBLISH

DELIVERED: March 29, 2006